UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDER DA ENCARNACAO, <br> Plaintiff, <br> v. <br> ANNA BERYOZKINA, <br> Defendant. | Case No. 17-cv-02504-MEJ <br><br> **ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED WITH PREJUDICE** |

The Court has presided over five actions filed by Plaintiff Eder Da Encarnacao against Defendant Anna Beryozkina arising out of Beryozkina's failure to support Plaintiff and his minor son after Plaintiff and Defendant divorced. *See generally Da Encarnacao v. Beryozkina* ("*Da Encarnacao I*"), Case No. 16-cv-2522 (N.D. Cal.), Order on Motion to Dismiss and Motion to Declare Plaintiff a Vexatious Litigant, Dkt. No. 92. The Court and the parties are familiar with the procedural history and factual background of this matter. As a result of the procedural background, the Court ordered Defendant not to answer the operative Second Amended Complaint (SAC, Dkt. No. 14). Plaintiff is representing himself in this action; Defendant at this point also is pro se.

In this action, Plaintiff alleges Defendant undertook legal obligations to support him and his minor son when she sponsored them for immigration into the United States and signed an I-134 Form and an I-864 Form. *See* SAC.

First, it appears that Plaintiff settled and released claims of support based on the I-864 Form, at least through 2016, in *Da Encarnacao I*. Plaintiff's complaint in *Da Encarnacao I* alleged Defendant failed in her obligation to support "Plaintiff and his minor child in the United States. . . . Defendant gave Plaintiff and his son no support . . . the income for Plaintiff and his son

is not at the required level, and has not been compensated for the many months last year." *Da Encarnacao I*, Dkt. No. 8 (First Am. Compl.) ¶¶ 7-9. Plaintiff settled his support claim and dismissed it with prejudice. *See Da Encarnacao I*, Dkt. No. 63 (dismissal); Opp'n to Mot. to Relate, Ex. A (Plaintiff agreed to settle breach of contract claim through 2016).

Second, an I-134 Form does not carry the same contractual obligations created by an I-864 Form. *See Kalincheva v. Neubarth*, 2012 WL 5328616, at *4 (E.D. Cal. Oct. 26, 2012) ("'The contractual obligations imposed by the [Illegal Immigration Reform and Immigrant Responsibility Act of 1996] on an affidavit of support made on an I-864 Form do not attach to affidavits of support made on an old I-134 Form.'" (quoting *Cobb v. Cobb*, 2012 WL 2620524, at *3 (E.D. Cal. July 5, 2012))); *Cheshire v. Cheshire*, 2006 WL 1208010, at *2 (M.D. Fla. May 4, 2006) ("[F]ederal courts have consistently found that Form I-134 is not a legally enforceable contract against a sponsor by a sponsored immigrant") (citing cases)); *Tornheim v. Kohn*, 2002 WL 482534, at *4 (E.D.N.Y. Mar. 26, 2002) (contractual obligations imposed through I-864 Form "do not attach to affidavits of support made on an old I-134 Form. As such, this Court finds that an affidavit of support on an I-134 Form is not a legally binding contract.").

Because it appears that Plaintiff released any claim based on the I-864 Form (at least to the extent the claim had accrued by December 2016) and that the I-134 Form is not an enforceable contract, the Court hereby ORDERS Plaintiff to show cause why this case should not be dismissed with prejudice. Plaintiff shall file a declaration by October 5, 2017. <u>Notice is hereby provided that failure to file a written response will be deemed an admission that Plaintiff concedes the case lacks merit and does not intend to prosecute it further; the case will be dismissed **with prejudice**</u>. Thus, it is imperative that the Court receive a written response by the deadline above.

**IT IS SO ORDERED.**

Dated: September 8, 2017

_____
MARIA-ELENA JAMES
United States Magistrate Judge